THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT EDWARDS, JR., Defendant-Appellant.

Fifth District    No. 78-148

Opinion filed August 9, 1979.

John H. Reid and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and Stephen J. Maassen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

After a hearing in the Circuit Court of St. Clair County, the appellant, Robert Edwards, Jr., was found to have violated his probation by committing an armed robbery in Clinton County, Illinois. Four days after the probation revocation hearing, the appellant entered a plea of guilty to the armed robbery charge pending against him in Clinton County. The appellant now seeks reversal of the order revoking his probation on the ground that the evidence produced at the revocation hearing was insufficient to establish the commission of the armed robbery. We conclude that the appellant has waived this objection by pleading guilty to the armed robbery charge.

In *People v. Green* (1959), 17 Ill. 2d 35, 160 N.E.2d 814, *cert. denied* (1960), 361 U.S. 972, 4 L. Ed. 2d 551, 80 S. Ct. 605, the Illinois Supreme Court held that a judicial confession, given by the defendant immediately after his trial and sentencing, constituted a waiver of any objection, on appeal, to the sufficiency of the evidence supporting his conviction. The court stated that:

"A judicial confession, voluntarily made, is binding upon the accused, and this is true whether the confession takes the form of a plea of guilty or is found in other statements made in court in the

course of legal proceedings. * * * Thereafter, he may not question the legal sufficiency of the evidence against him. [Citation.]" 17 Ill. 2d 35, 42, 160 N.E.2d 814, 818.

The only distinction between *Green* and the instant case is that here the judicial confession was given in a collateral proceeding before a court other than that from which the appeal was taken. This distinction, however, does not warrant a departure from *Green*. The determinative factor is the appellant's judicial confession to the offense. At an evidentiary hearing, defendant was found to have violated his probation. His confession in Clinton County, in accordance with the theory of *Green*, precludes the defendant from questioning the sufficiency of the evidence produced against him at the probation revocation hearing.

For the foregoing reasons, the order of the circuit court revoking the appellant's probation is affirmed.

Affirmed.

KUNCE and KARNS, JJ., concur.